IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| HOUWELING INTELLECTUAL PROPERTIES, INC., a Delaware Corporation, and BEHEER 141 B.V., a Dutch Company,<br><br>Plaintiffs,<br>v.<br><br>BFF LOUISA 1 LLC, a Delaware Limited Liability Company<br><br>Defendant. | Civil Action No. 3:23-cv-00046<br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

Plaintiffs Houweling Intellectual Properties, Inc. ("Houweling" ) and Beheer 141 B.V. doing business as Kubo ("Kubo") (collectively "Plaintiffs"), bring this action seeking injunctive relief and damages in order to protect and enforce its patent rights against knowing and willful infringement by BFF Louisa 1 LLC. (referred to as "BFF Louisa" or "Defendant"). Plaintiffs allege as follows:

### THE PARTIES

1. Houweling is a corporation duly organized and existing under the laws of the State of Delaware.

2. Kubo is a company organized and existing under the law of the Netherlands.

3. Defendant BFF Louisa 1 LLC is a Delaware Limited Liability Corporation with a principal place of business within this Division of the Western District of Virginia located at 3734 Irish Rd, Schuyler, VA, 22969 – 1654 (Nelson County). Defendant is registered to do business and maintains a principal office within Virginia. On information and belief, BFF is

engaged in the design, purchase, building, and operation of greenhouses in Louisa, Virginia and surrounding areas and maintains an office in Schuyler, Virginia.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement arising under the Patent Act of the United States, 35 U.S.C. §§ 100 *et seq*., including 35 U.S.C. § 271. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because, on information and belief, it has sufficient minimum contacts with this forum as a result of business conducted within this District. On information and belief, Defendant maintains an office and has committed acts of patent infringement within this District giving rise to this action through the offer for sale of greenhouses and has established minimum contacts with this forum such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

6. Defendant resides in this district because it is subject to personal jurisdiction in this district. Venue is proper under 28 U.S.C. §§ 1391 and 1400. Per the Virginia State Corporation Commission, the Defendant is registered to do business and maintains an office within this District.

## PLAINTIFFS AND THE ASSERTED PATENTS

7. Houweling's principal, Casey Houweling, invented unique and novel features for a greenhouse with a climate control system adjacent to the growing section of a greenhouse, which are protected by U.S. Patent No. U.S. Pat. No. 8,707,617 (the "'617 Patent"), which was duly and legally issued on April 29, 2014, and U.S. Patent No. 11,412,668, ('668 Patent), which was duly and legally issued on August 16, 2022.

8. As explained in more detail below, at the time of issuance, Casey Houweling was the principal for another company that built and operated greenhouses under the Ultra Clima name in the U.S. and abroad using the technology and inventions of the '617 Patent and '668 Patent. The '617 Patent, '668 Patent and related patents have since been assigned to a holding company that licenses the patents to cooperative greenhouse manufacturers.

9. Kubo is a Dutch greenhouse builder that is the primary and exclusive licensee of the '617 Patent and '668 Patent; and Kubo markets, sells and builds greenhouses in the U.S. and abroad under the Ultra Clima name that incorporate the technology disclosed and claimed in the '617 Patent and '668 Patent.

10. The '617 Patent is valid and enforceable, and a true and correct copy of the '617 Patent is attached hereto as **Exhibit A**.

11. The '668 Patent is valid and enforceable, and a true and correct copy of the '668 Patent is attached hereto as **Exhibit B**.

12. Claim 1 of the '617 Patent recites:

> A greenhouse, comprising: a growing section;
>
>> a climate control system comprising a substantially enclosed end gable adjacent to and outside said growing section, said end gable comprising one or more vents and one or more louvers selectively moveable to cooperate with said one or more vents to control air flow through said one or more vents;
>>
>> wherein said climate control system is arranged to control the environment within said growing section by flowing ambient air from outside said greenhouse into said climate control system and into said growing section, re-circulating air from said growing section back into said climate control system and into said growing section, and a combination thereof, said ambient air, re-circulating air, or combination thereof, flowing through said climate control section and into said growing section to control the climate within said growing section.

13. Claim 17 of the '617 Patent recites:

A greenhouse, comprising:

a substantially enclosed growing section; and

a substantially enclosed end gable adjacent to and outside said growing section, said end gable comprising one or more vents and one or more louvers selectively moveable to cooperate with said one or more vents to control air flow through said one or more vents, said end gable arranged to flow cool air into said growing section to reduce the temperature therein, to flow warm air into said growing section to increase the temperature therein, and to re-circulate air within said growing section when the temperature therein is at the desired level, said temperature reducing air, temperature increasing air, and re-circulating air passing through said end gable and into said substantially enclosed growing section to control the temperature therein.

14. Houweling is the owner by assignment of all rights, title, and interest in the '617 Patent, and possesses the exclusive right to enforce the '617 Patent, including the exclusive right to recover damages for past infringement.

15. The prior assignee of the '617 Patent Houweling Nurseries Oxnard, Inc. under the direction of Casey Houweling, developed, built and operated greenhouses using the technology in the '617 Patent. These greenhouses are located in Camarillo, California; Mona, Utah; and Vancouver, British Columbia. These greenhouses were developed to grow vegetables such as tomatoes and cucumbers and continue to grow vegetables and other crops today.

16. Houweling and Kubo also sub-license the '617 Patent and other related patents to greenhouse builders that market and build greenhouses incorporating the patented technology disclosed in the '617 Patent.

17. Claim 1 of the '668 Patent recites:

A greenhouse, comprising:

a greenhouse structure having outside walls and a floor, said greenhouse structure comprising a climate control system and a growing section;

wherein said climate control system is separated by a partition from said growing section, wherein said partition is parallel to and runs the entire length of one of the sides of said greenhouse structure such that said climate control system is bordered only by said walls of said greenhouse structure and said partition, said climate control system arranged to control the environment within said growing section by flowing ambient air from outside said greenhouse into said growing section and/or by re-circulating air from said growing section back into said growing section, wherein said climate control system comprises one or more vents adapted to draw ambient air into said climate control system, wherein said partition comprises a partition vent to allow air to pass between said growing section and said climate control system, whereby a plurality of tubes are in communication with said one or more vents to regulate the environment of said growing section, wherein said tubes are arranged at the bottom of said growing section to uniformly distribute air to a greenhouse crop within said growing section such that said tubes uniformly distribute air from a location near the bottom of said growing section.

18. Claim 14 of the '668 Patent recites:

A greenhouse, comprising:

a greenhouse structure having outside walls and a floor, said greenhouse structure comprising a climate control system and a growing section;

wherein said climate control system is separated by a partition from said growing section, wherein said partition runs from the floor of said greenhouse structure and the entire length of one of said outside walls, wherein said partition is parallel to said one of said outside walls such that at least part of said climate control is within the entire area formed by said walls of said greenhouse structure and said partition, said climate control system arranged to control the environment within said growing section by flowing ambient air from outside said greenhouse into said growing section, re-circulating air from said growing section back into said growing section, and a combination thereof, said ambient air, re-circulated air, or combination thereof, flowing through said climate control system and into said growing section, wherein said climate control system comprises one or more vents adapted to draw ambient air into said climate control system, wherein said partition comprises a partition vent to allow air to pass between said growing section and said climate control system, whereby a plurality of tubes are in communication with said one or more vents to regulate the environment of said growing section.

19. Houweling is the owner by assignment of all rights, title, and interest in the '668 Patent, and possesses the exclusive right to enforce the '668 Patent, including the exclusive

right to recover damages for past infringement.

20. The prior assignee of the '668 Patent, Houweling Nurseries Oxnard, Inc., under the direction of Casey Houweling, developed, built and operated greenhouses using the technology in the '668 Patent. These greenhouses are located in Camarillo, California; Mona, Utah; and Vancouver, British Columbia. These greenhouses were developed to grow vegetables such as tomatoes and cucumbers and continue to grow vegetables and other crops today.

21. Houweling and Kubo also sub-license the '668 Patent and other related patents to greenhouse builders that market and build greenhouses incorporating the patented technology disclosed in the '668 Patent.

**DEFENDANT'S INFRINGEMENT**

22. As outlined below, Defendant has purchased and, on information and belief, is now building at least one greenhouse in Louisa, Virginia, that infringes at least claims 1 and 17 of the '617 Patent, and claims 1 and 14 of the '668 patent. On information and belief, Defendant plans to finish construction of this infringing greenhouse in this district and plans to operate this infringing greenhouse in this district. On information and belief, Defendant also intends to construct additional greenhouses that infringe at least claims 1 and 17 of the '617 Patent and claims 1 and 14 of the '668 Patent.

23. On information and belief, in or about December, 2022, a Dutch greenhouse manufacturer by the name of Van der Hoeven Horticultural Projects B.V., through its U.S. division Van der Hoeven Americas, Inc. (collectively as "VDH"), submitted a proposal to Defendant for the "design, engineering, construction management, installation, construction, commissioning, maintenance and operations" of a greenhouse in Louisa, Virginia. Defendant thereafter accepted this proposal, and on information and belief, construction of this

6

greenhouse has begun. The BFF greenhouse being constructed by VDH is identified in the proposal under VDH's tradename as a ModulAIR greenhouse.

24. Plaintiffs have been engaged in longstanding and well-publicized patent disputes with VDH over VDH's infringement of the Houweling patents in the U.S. and abroad. Many greenhouse manufacturers have recognized the value of the technology patented in the '617 Patent and '668 Patent, and have entered into sub-license agreements allowing them to practice this patented technology. This sub-license has been offered to VDH, but instead of cooperating with Houweling, VDH engaged in attacks on Houweling's patents in Australia, Europe and in the United States, in an effort to have these patents revoked or their claims held unpatentable. In each case, one or more claims of the Houweling patent that was being attacked have been upheld. For example, on December 14, 2016, on information and belief, Defendant led a group of European greenhouse builders in seeking *Inter Partes* Review of the '617 Patent. Following extensive briefing and a hearing before the U.S. Patent and Trademark Office, all but one of the claims in the '617 Patent were upheld as patentable (see IPR2017-00476). Defendant appealed this decision to the Court of Appeals for the Federal Circuit, where the decision of the USPTO was affirmed (US C.A.F.C. 2018-2234). Despite these decisions upholding the Houweling patents, VDH stubbornly refuses to enter into a sub-license agreement with Houweling as others in the industry have.

25. At the time that Defendant accepted VDH's offer to build it a greenhouse, VDH and Houweling were engaged in patent litigation in the Northern District of Illinois regarding VDH's offer to sell a ModulAIR greenhouse to a greenhouse operator in Illinois. This litigation would have been easily found by Defendant doing a simple litigation search.

26. The sub-license agreements and related disputes between Houweling and VDH

have been well-publicized and the existence and the scope of Houweling's patents is generally well-known in the greenhouse industry. Defendant was further made aware of Houweling's patents and its potential infringement of those patents when it received a third party subpoena in the *Houweling v. VDH* Illinois litigation mentioned above. Plaintiffs thereafter sent a letter to Defendants again advising of the existence of the Houweling patents and that the greenhouse purchased from VDH infringes those patents. The letter requested that Defendant cease construction of the VDH greenhouse and seek the services of an authorized greenhouse builder to construct the greenhouse. Defendant, through counsel, has since advised that Defendant will not cease construction of the infringing VDH greenhouse and it is believed that the construction is continuing without delay.

27. On information and belief, Defendant had actual or constructive knowledge of Houweling's '617 patent and '668 patent when it entered into the agreement to purchase a VDH greenhouse, and has since been put on express notice that the VDH greenhouse it purchased infringes the '617 patent and the '668 patent.

28. Below is an image of the ModulAIR greenhouse from VDH's ModulAIR website brochure attached hereto as **Exhibit C**.



29.  Plaintiffs are informed and believe that the ModulAIR greenhouse that Defendant purchased from VDH and that VDH is currently building for Defendant is substantially the same as the greenhouse shown in the ModulAIR website brochure.

30.  Defendant infringed the '617 Patent and '668 Patent as alleged herein and, on information and belief, and despite having knowledge of these patents, Defendant will continue to infringe the '617 Patent and '668 Patent by completing construction and operating the VDH greenhouse.

## FIRST CAUSE OF ACTION
### (Infringement of the '617 Patent; 35 U.S.C. § 271)

31. Plaintiffs reallege and incorporate by reference the full text of all of the foregoing numbered paragraphs, photographs, figures, and tables as though each such paragraph, photograph, figure, and table has been fully set forth herein.

32. Houweling is the assignee and owner of all rights, title, and interest to the '617 Patent, entitled "*Greenhouse and Forced Greenhouse Climate Control System and Method*," which was duly and legally issued by the United States Patent and Trademark Office on April 29, 2014, and which has been duly and legally assigned to Houweling. The '617 Patent is valid and enforceable. Kubo is the exclusive licensee of the '617 Patent.

33. Houweling has never licensed Defendant under the '617 Patent or otherwise authorized Defendant to practice the '617 Patent, and Defendant is not authorized to practice the inventions claimed in the '617 Patent.

34. On information and belief, Defendant has infringed and continues to infringe at least claims 1 and 17 of the '617 Patent under 35 U.S.C. §271(a) by offering to sell and selling in the U.S. greenhouses that include all of the features claimed by these claims, including at least the greenhouse offers for sales and sales discussed above, without the authority of Plaintiffs.

35. On information and belief, and by way of example, the greenhouses discussed above that Defendant purchased from VDH comprise a climate control section, comprising a configuration of vents, louvers and tubes allowing for the utilization of ambient air, recirculated air or a combination thereof, such that the product in question meets the limitations of at least claims 1 and 17 of the '617 Patent.

36. Plaintiffs are informed and believe that the Defendant's accused greenhouse infringe other claims in '617 Patent and Plaintiffs reserve the right to assert infringement of additional claims in the '617 Patent.

37. On information and belief, before its first acts of infringement, Defendant knew of Houweling's greenhouse patents including the '617 Patent, knew of Kubo's Ultra Clima greenhouse, knew the Ultra Clima greenhouse was patent-protected, knew that Houweling had obtained the '617 Patent, knew the VDH greenhouse product it purchased was substantially similar such that it would infringe the '617 Patent, and knew its use and purchase of that design was unauthorized.

38. On information and belief, Defendant's infringement of the '617 Patent has damaged and will continue to damage Plaintiffs, or is likely to damage Plaintiffs, in an amount yet to be determined.

39. On information and belief, Defendant was aware that VDH greenhouses, including the ModulAIR greenhouse, infringe at least one claim of the '617 Patent. Despite such knowledge, Defendant purchased an infringing greenhouse in the United States, including the purchase of the VDH greenhouse discussed above. Defendant's infringement of the '617 Patent was willful and deliberate.

40. Defendant's infringement of the '617 Patent will irreparably injure Plaintiffs, and Plaintiffs have no adequate remedy at law for these injuries. Unless further infringing acts are enjoined by this Court, Plaintiffs will continue to suffer irreparable injury.

41. This is an exceptional case such that Houweling should be awarded its reasonable attorneys' fees and expenses incurred in bringing and in furtherance of this action.

11

## SECOND CAUSE OF ACTION
### (Infringement of the '668 Patent;
### 35 U.S.C. § 271)

42. Plaintiffs reallege and incorporate by reference the full text of all of the foregoing numbered paragraphs, photographs, figures, and tables as though each such paragraph, photograph, figure, and table has been fully set forth herein.

43. Houweling is the assignee and owner of all rights, title, and interest to the '668 Patent, entitled "*Greenhouse and Forced Greenhouse Climate Control System and Method*," which was duly and legally issued by the United States Patent and Trademark Office on August 16, 2022, and which has been duly and legally assigned to Houweling. The '668 Patent is valid and enforceable. Kubo is the exclusive licensee of the '668 Patent. Houweling has never licensed Defendant under the '668 Patent or otherwise authorized Defendant to practice the '668 Patent, and Defendant is not authorized to practice the inventions claimed in the '668 Patent.

44. On information and belief, Defendant has infringed and continues to infringe at least claims 1 and 14 of the '668 Patent under 35 U.S.C. §271(a) by offering to sell and selling in the U.S. greenhouses that include all of the features claimed by these claims, including at least the greenhouse offers for sales and sales discussed above, without the authority of Plaintiffs.

45. On information and belief, and by way of example, the greenhouses discussed above that Defendant offered to sell or sold comprise a climate control section, comprising a configuration of vents, louvers and tubes allowing for the utilization of ambient air, recirculated air or a combination thereof, such that the product in question meets the limitations of at least claims 1 and 14 of the '668 Patent.

46. Plaintiffs are informed and believes that the Defendant's accused greenhouse

infringe other claims in the '668 Patent and Plaintiffs reserve the right to assert infringement of additional claims in the '668 Patent.

47. On information and belief, before its first acts of infringement, Defendant knew of Houweling's greenhouse patents including the '668 Patent, knew of Kubo's Ultra Clima greenhouse, knew the Ultra Clima greenhouse was patent-protected, knew that Houweling had obtained the '668 Patent, knew the VDH greenhouse product it purchased was substantially similar such that it would infringe the '668 Patent, and knew its use and purchase of that design was unauthorized.

48. On information and belief, Defendant's infringement of the '668 Patent has damaged and will continue to damage Plaintiffs, or is likely to damage Plaintiffs, in an amount yet to be determined.

49. On information and belief, Defendant was aware that VDH greenhouses, including the ModulAIR greenhouse, infringe at least one claim of the '668 Patent. Despite such knowledge, Defendant purchased an infringing greenhouse in the United States, including the purchase of the VDH greenhouse discussed above. Defendant's infringement of the '668 Patent was willful and deliberate.

50. Defendant's infringement of the '668 Patent will irreparably injure Plaintiffs, and Plaintiffs have no adequate remedy at law for these injuries. Unless further infringing acts are enjoined by this Court, Plaintiffs will continue to suffer irreparable injury.

51. This is an exceptional case such that Plaintiffs should be awarded their reasonable attorneys' fees and expenses incurred in bringing and in furtherance of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A.    Entry of judgment against Defendant, and for Plaintiffs, that the '617 Patent and '668 Patent have been directly infringed by Defendant;

B.    Judgment that Defendant's acts of patent infringement are willful.

C.    A post-judgment accounting of damages for the period of infringement of the '617 Patent and '668 Patent established by Plaintiffs at trial;

D.    An award of damages adequate to compensate Houweling for the infringement of Defendant together with pre-judgment interest and post judgment interest, but in no event less than a lost profits and/or a reasonable royalty under 35 U.S.C. §284.

E.    An order preliminarily and then permanently enjoining Defendant and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from continued acts of infringement of the '617 Patent and '668 Patent;

F.    If a permanent injunction is not granted, a judicial determination of the conditions of future infringement such as a royalty bearing compulsory license or such other relief as the Court deems appropriate;

G.    An order that Defendant be ordered to surrender for destruction of all products, containers, labels, advertisements, promotional materials, and other materials constituting an infringement of the '617 Patent and '668 Patent and/or the means by which such infringement is facilitated;

H.    That Plaintiffs be awarded the profits acquired by Defendant through Defendant's unlawful acts;

I.      That the Court increase and enhance by three times any award of damages so adjudicated against Defendant under 35 U.S.C. §284;

J.      An order declaring that this is an exceptional case within the meaning of 35 U.S.C. §285;

K.      An award of costs, expenses and attorney's fees; and

L.      Such other and further relief as the Court deems proper in law or equity.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by a statute of the United States.

Dated: September 14, 2023                    Respectfully submitted,

*/s/ Stephen E. Noona*
Stephen E. Noona
VSB No. 25367
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone: (757) 624.3239
Facsimile: (888) 360.9092
senoona@kaufcan.com

Catrina C. Waltz
VSB No. 98446
KAUFMAN & CANOLES, P.C.
Two James Center,
1021 East Cary Street, Suite 1400
Richmond, VA 23219
T (804) 771.5744
F (888) 360.9092
ccwaltz@kaufcan.com

Jaye G. Heybl (*pro hac vice to be filed*)
Steven Hanle (*pro hac vice to be filed* )
Salil Bali (*pro hac vice to be filed*)
Ahmad S. Takouche (*pro hac vice to be filed*)
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Telephone: (949) 725-4000
Facsimile: (949) 725-4100
jgheybl@stradlinglaw.com
shanle@stradlinglaw.com
sbali@stradlinglaw.com
atakouche@stradlinglaw.com

*Attorneys for Plaintiffs*