IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| HOUWELING INTELLECTUAL PROPERTIES, INC., a Delaware Corporation, and BEHEER 141 B.V., a Dutch Company, | |
| Plaintiffs, | Civil Action No. 3:23-cv-00046 |
| v. | |
| BFF LOUISA I LLC, a Delaware Limited Liability Company, | |
| Defendant. | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
<u>MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY</u>**

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ........................................................................................................ 1

II.    ARGUMENT ............................................................................................................... 2

    A.    Plaintiffs' FAC Fails To Allege An Actual Injury Under § 271(a) ............................. 2

          1.    Plaintiffs' Opposition—Like The FAC—Continues To Rely On Insufficient And Contradictory Facts Regarding Importation ..................................................... 3

          2.    Plaintiffs' Opposition—Like The FAC—Continues To Rely On Insufficient And Contradictory Facts Regarding Making The Allegedly Infringing Greenhouse ........................................................................................................ 4

    B.    Plaintiffs' FAC Fails To Properly Allege A Single Act of BFF Louisa That Constitutes Infringement .............................................................................................................. 7

    C.    Venue Is Improper In This District .................................................................................. 7

    D.    The Plaintiffs' FAC Should Be Dismissed, Or In The Alternative, Stayed Under The First-To-File Rule ..................................................................................................... 7

    E.    Plaintiffs' Proposed Amendment Allegations Are Futile ............................................... 9

III.    CONCLUSION ........................................................................................................ 10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Bosiger v. U.S. Airways*,
    510 F.3d 442 (4th Cir. 2007) ...................................................................................5

*Colo. River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976)...................................................................................................8

*Forman v. Davis*,
    371 U.S. 178 (1962)...................................................................................................9

*Glaser v. Enzo Biochem., Inc.*,
    464 F.3d 474 (4th Cir. 2008) ...................................................................................9

*Katz v. U.S. Dept' of Justice*,
    No. 1:20-cv-554, 2021 WL 3809034 (E.D. Va. Aug. 26, 2021) ..............................5

*Lightcubes, LLC v. Northern Light Products, Inc.*,
    523 F.3d 1353 (Fed. Cir. 2008).................................................................................3

*Paper Converting Machine Co. v. Magna-Graphics Corp.*,
    745 F.2d 11 (Fed. Cir. 1984)................................................................................5, 6

*Phillips v. LCI Intern., Inc.*,
    190 F.3d 609 (Fed. Cir. 1999)..................................................................................5

*Save Power Ltd. v. Syntek Fin. Corp.*,
    121 F.3d 947 (5th Cir. 1997) ...................................................................................8

*Sierra Applied Scis., Inc. v. Advanced Energy Indus.*,
    363 F.3d 1361 (Fed. Cir. 2004).................................................................................7

*Spiteri v. Russo*,
    No. 12-CV-2780, 2013 WL 4806960 (E.D.N.Y. Sept. 7, 2013) ..............................4

*Spokeo, Inc. v. Robins*,
    578 U.S. 338 (2016), *as revised* (May 24, 2016)....................................................2

*In re Telebrands*,
    824 F.3d at 984 .........................................................................................................9

*Tex. v. United States*,
    523 U.S. 296 (1998)...................................................................................................6

*U.S. Bank Nat'l Ass'n v. Bank of Am., N.A.*,
    No. 12-CV-4837, 2012 WL 6136017 (S.D.N.Y. Dec. 11, 2017) .............................6

**Statutes**

35 U.S.C. § 271(a) ..................................................................................................................2, 3, 6

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)............................................................................................................1, 7

Fed. R. Civ. P. 12(b)(6)...............................................................................................................1

Fed. R. Civ. P. 12(b)(3)...............................................................................................................1

Fed. R. Civ. P. 15(a) ...................................................................................................................9

## I.     INTRODUCTION

Plainly recognizing that its First Amended Complaint ("FAC") fails to remedy the fatal flaws in its original complaint, Plaintiffs now rely on facts and declarations well outside the scope of the pleadings to purportedly establish jurisdiction.  The sufficiency of the FAC cannot be remedied with evidence Plaintiffs chose not to plead despite two attempts now to justify their baseless allegations.  Even taking this new, unpled evidence at face value, the fact remains that Plaintiffs' FAC alleges contradictory allegations that need not be considered and, at best, merely hypothetical future activities that may eventually constitute patent infringement.  If anything, Plaintiffs' opposition compounds the issues with the FAC as it presents additional facts that directly conflict with the allegations Plaintiffs pled in the FAC.  The FAC must be dismissed under Rules 12(b)(1), 12(b)(6), and 12(b)(3).

Plaintiffs also represent in their opposition that BFF Louisa "entered into a contract with a third party for the design, engineering, construction management, installation, construction, commissioning, maintenance and operations of a greenhouse in Louisa, Virginia,"[1] attempting to claim that this action is somehow distinct from Plaintiffs' pending case against Van der Hoeven Horticulture Projects, B.V. and Van der Hoeven Americas, Inc. (collectively, "VDH").  Dkt. 27 at 1.  This assertion cannot be squared with, and is indeed directly contrary to, Plaintiffs' allegation in the FAC that BFF Louisa entered into a contract with VDH for this exact scope of work.  Dkt. 21 at ¶ 23 ("[A] Dutch greenhouse manufacturer by the name of Van der Hoeven Horticultural Projects B.V., through its U.S. division Van der Hoeven Americas, Inc. (collectively as 'VDH'), submitted a proposal to Defendant for the 'design, engineering, construction management

---

[1]   This language is notably a direct quote from a document produced as highly confidential to Plaintiffs in the Northern District of Illinois litigation.  Plaintiffs quote from this confidential document seemingly unbothered by its protective order violation in doing so, yet then misrepresents to this Court the contracting parties to that agreement.

installation, construction, commissioning, maintenance and operations' of a greenhouse in Louisa, Virginia.  Defendant thereafter accepted this proposal . . .").  And this allegation forms the basis for Plaintiffs' pending case against VDH in the Northern District of Illinois.  Dkt. 23-2 at ¶ 24.

## II.   ARGUMENT

### A.   Plaintiffs' FAC Fails To Allege An Actual Injury Under § 271(a)

Plaintiffs' FAC does not allege a cognizable injury that is both "concrete and particularized" that would make Plaintiffs' claims justiciable under Article III.  *Spokeo, Inc. v. Robins*, 578 U.S. 338, 340 (2016), *as revised* (May 24, 2016).  By failing to do so in the FAC, Plaintiffs tacitly concede they cannot.  In their opposition, Plaintiffs focus on two purportedly alleged acts of infringement under § 271(a)—(1) that BFF Louisa has imported (or caused someone else to import) an allegedly infringing greenhouse; and (2) that BFF Louisa has made (or cause someone else to make) an allegedly infringing greenhouse.  As a preliminary matter, causing another entity to import and/or make an allegedly infringing greenhouse is not infringement under § 271(a), which requires an act of *direct* infringement—i.e., that BFF Louisa itself has imported and/or made a purportedly infringing product.  35 U.S.C. § 271(a) ("Except as otherwise provided in this title, *whoever* without authority *makes*, uses, offers to sell, or sells any patented invention, within the United States or *imports* into the United States any patented invention during the term of the patent therefor, infringes the patent.").  Moreover, neither allegation can be squared with, and is indeed contrary to, Plaintiffs' repeated concession that any greenhouse is not completed.  If there is no completed greenhouse in Louisa, Virginia, then BFF Louisa could not have imported the patented invention.  If construction of a greenhouse in Louisa, Virginia is ongoing, then BFF Louisa has not made the patented invention.

1.    **Plaintiffs' Opposition—Like The FAC—Continues To Rely On Insufficient And Contradictory Facts Regarding Importation**

Regarding importation, Plaintiffs' opposition displays a fundamental misunderstanding of infringement under 35 U.S.C. § 271(a).  The FAC alleges that BFF Louisa caused someone else to import a purportedly infringing greenhouse.  Dkt. 21 at ¶ 23.  That is not infringement under § 271(a).  Plaintiffs' opposition compounds the problems with the FAC as it readily acknowledges that BFF Louisa has not itself imported anything, but rather has "instructed Van der Hoeven to import the infringing greenhouse."  Dkt. 27 at 2.

Even assuming that BFF Louisa had imported anything into the United States, which it has not, it cannot have been a completed greenhouse given that Plaintiffs readily concede in the FAC that the greenhouse is currently being built.  Dkt. 21 at ¶ 22.  Rather than address these issues, Plaintiffs accuse BFF Louisa of focusing on "wordplay."  Dkt. 27 at 4.  Far from "wordplay," BFF Louisa's motion quotes directly from the FAC.  Dkt. 23 at 5.  The FAC, on its face, reveals the hypothetical and contrary nature of Plaintiffs' allegations that allege nothing more than future plans and intentions.  Dkt. 21 at ¶ 22 (emphasis added); *see also id.* at ¶ 30.

Plaintiffs attempt to rely on the Federal Circuit's decision in *Lightcubes, LLC v. Northern Light Products, Inc.*, 523 F.3d 1353 (Fed. Cir. 2008), to support its position that merely alleging importation is sufficient to establish subject matter jurisdiction.  In *Lightcubes*, however, the defendants conceded that the plaintiff's complaint "properly pled every element of a § 271(a) claim." *Lightcubes*, 523 F.3d at 1360.  Nonetheless, the defendant argued that there was no subject matter jurisdiction over the suit because the plaintiff's failed to prove that the defendants sold, offered to sell, or imported the infringing products.  *See id.* at 1360.  Unlike *Lightcubes*, Plaintiffs' FAC (and opposition brief) merely alleges that BFF Louisa, at best, caused ***a different entity*** to import an ***incomplete*** (i.e., non-infringing) greenhouse.

3

As for Plaintiffs' contradictory allegations, Plaintiffs' opposition confirms that such allegations need not be considered in assessing the FAC.  Plaintiffs do not dispute that *Spiteri v. Russo* stands for the proposition that "[w]here an allegation in the complaint conflicts with other allegations . . . the court is neither obligated to reconcile the pleadings . . . nor accept the allegations as true in deciding a motion to dismiss."  2013 WL 4806960, at *8.  Instead, Plaintiffs argue that the allegations in *Spiteri* "were clearly contradictory on their face."  Dkt. 27 at 7–8.  According to Plaintiffs, it is clearly contradictory for a "plaintiff [to] allege both that his rate of pay was determined by one party and that it was determined by other defendants."  Dkt. 27 at 8.  The same is true here—it is clearly contradictory to allege both that VDH imported the greenhouse and that BFF Louisa imported the greenhouse.  Similarly, it is clearly contradictory to allege both that a greenhouse infringes (and is thus completed) and that the greenhouse in Louisa, Virginia is being constructed with plans to finish it.  Plaintiffs' illogical distinction that somehow its own facts are not contradictory should be disregarded—the facts speak for themselves.

### 2. Plaintiffs' Opposition—Like The FAC—Continues To Rely On Insufficient And Contradictory Facts Regarding Making The Allegedly Infringing Greenhouse

Seemingly acknowledging the hypothetical nature of its allegations regarding the completion of the greenhouse, Plaintiffs' opposition claims that "BFF ***plans*** to finish, and is very ***close*** to finishing, the construction" of the accused greenhouse "and ***plans*** to use" it.  Dkt. 27 at 4 (emphasis added).  Notably, the FAC nowhere alleges that BFF Louisa is "very close to finishing the construction" of the accused greenhouse as Plaintiffs claim.  Further compounding the insufficiency of the FAC, Plaintiffs' opposition claims "BFF [Louisa] has a greenhouse 'ready for assembly,' and because its greenhouse has reached the status of an 'operable assembly,' Plaintiffs have stated a plausible claim of infringement."  Dkt. 27 at 7.  The FAC does not plead any such

allegations.  Indeed, the FAC does not even contain the phrases "substantially constructed," "operable assembly," or any synonymous allegation.  It merely alleges BFF Louisa is building the greenhouse and that VDH is building the greenhouse.  Dkt. 21 at ¶¶ 23, 30.

Instead of pointing to any allegations in the FAC sufficient to establish an actual injury, Plaintiffs submit the declaration of a private investigator, William Robbins, and ask this Court to consider evidence outside of the FAC.  This is prohibited.[2]  *Katz v. U.S. Dept' of Justice*, No. 1:20-cv-554, 2021 WL 3809034, at n.2 (E.D. Va. Aug. 26, 2021); *see also Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007) ("[A] court is forbidden to [consider evidence outside the pleadings] when considering a Rule 12(b)(6) motion.").  Plaintiffs' FAC does not, and could not allege the facts that the Robbins Declaration seeks to introduce.  The Robbins Declaration is based on an investigation that occurred over a month *after* the Complaint was filed and weeks *after* the FAC was filed, and therefore unequivocally cannot be "integral to and explicitly relied on in the [FAC]." *See Phillips*, 190 F.3d at 618.  Accordingly, this Court should not consider the Robbins Declaration.

Moreover, Plaintiffs' conclusion that BFF Louisa has "substantially constructed" an allegedly infringing greenhouse "such that it constitutes an operable assembly" is based on Plaintiffs' misapplication of the Federal Circuit's decision in *Paper Converting Machine Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 18 (Fed. Cir. 1984).  Plaintiffs' lengthy summary explains why this case is inapposite.  First, the litigation in *Paper Converting Machine* was well beyond the

---

[2]   The Fourth Circuit recognizes a narrow exception to the general rule: a court may consider extrinsic documents in determining whether to dismiss the complaint only if the document "was integral to and explicitly relied on in the complaint."  *See Phillips v. LCI Intern., Inc.*, 190 F.3d 609, 618 (Fed. Cir. 1999).  This exception does not apply here as the declaration submitted with Plaintiffs' opposition was not provided with the FAC, nor are the facts therein alleged in the FAC.

motion to dismiss phase and was addressing the merits of infringement.  Further, it was undisputed that the alleged infringer engaged in a "scheme to avoid patent infringement."  *Paper Converting Mach.*, 745 F.2d at 15, 19.  Plaintiffs have not alleged that BFF Louisa is engaging in a scheme to avoid infringement, and BFF Louisa has not engaged in such a scheme.  Second, the holding in *Paper Converting Machine* is not relevant to the facts of the present case because Plaintiffs' FAC does not allege that BFF Louisa has made an "operable assembly" that is "sufficient for testing."

Plaintiffs' inconsistent statements speak for themselves, and this "[C]ourt is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss."  *See U.S. Bank Nat'l Ass'n v. Bank of Am., N.A.*, No. 12-CV-4837, 2012 WL 6136017, at *7 (S.D.N.Y. Dec. 11, 2017).  If anything, Plaintiffs double down on these contradictions in their opposition by acknowledging that the "crux of the Complaint" is its contention that "BFF is alleged to have ***received and accepted a proposal*** from [VDH] whereby [VDH] would supply the 'design, engineering, construction management, installation, construction, commissioning, maintenance and operations' of a greenhouse. . . ."  *See* Dkt. 27 at 4 (emphasis added); *see also* Dkt. 21 at ¶ 23.  Again, receiving and accepting a proposal is not an infringing act under 35 U.S.C. § 271.  And any allegation under § 271(a) must be directed to BFF Louisa's conduct, not VDH's.

In looking at the non-contradictory allegations of the FAC, Plaintiffs seek only to resolve BFF Louisa's purported conduct that ***may occur*** sometime in the future.  Such hypothetical future infringement does not provide a basis for this Court to exercise subject matter jurisdiction.  "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Tex. v. United States*, 523 U.S. 296, 300 (1998) (citations and quotations omitted).  "Article III limits federal jurisdiction to suits that address a real

and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts." *Sierra Applied Scis., Inc. v. Advanced Energy Indus.*, 363 F.3d 1361, 1372 (Fed. Cir. 2004). Because the FAC concedes that there is no existing infringement based on any conduct of BFF Louisa, the Complaint must be dismissed under Fed. R. Civ. P. 12(b)(1).

**B.      Plaintiffs' FAC Fails To Properly Allege A Single Act of BFF Louisa That Constitutes Infringement**

With respect to dismissal under Rule 12(b)(6), Plaintiffs' opposition addresses these issues in conjunction with the arguments they present regarding Rule 12(b)(1).  As such, BFF Louisa has done the same, above.  To summarize, Plaintiffs' FAC falls well short of alleging every element of infringement under 35 U.S.C. § 271(a) as it relies on the conduct of VDH, rather than BFF Louisa, and confusingly conflates *plans* and *intentions* with actual acts of infringement.

**C.      Venue Is Improper In This District**

As discussed above, the FAC fails to properly allege any act of infringement in this District. As such, venue is improper and the case should be dismissed.

**D.      The Plaintiffs' FAC Should Be Dismissed, Or In The Alternative, Stayed Under The First-To-File Rule**

As its last attempt to justify asking this Court to expend judicial resources addressing this case, Plaintiffs falsely argue that this case is "different enough" from the VDH Litigation to preclude staying this action. Dkt. 27 at 10. This argument is as nonsensical as it sounds—the FAC repeatedly alleges that the accused greenhouse was "purchased from VDH" and even refers to the accused greenhouse as "the VDH greenhouse."  *See, e.g.*, Dkt. 21 at ¶¶ 27, 28, 30, 31, 38, 40, 48, 50.  That this case is fully intertwined with (and indeed subsumed by) the VDH Litigation could not be more apparent from the FAC, Plaintiffs' opposition, and Plaintiffs' complaint against VDH pending in the Northern District of Illinois.  This Court need not even read farther than Plaintiffs'

introduction to confirm: "For unknown reasons, Dutch company Van der Hoeven Horticulture Projects, B.V. ("Van der Hoeven"), ***and its customers***, refuse and stubbornly continue to ignore the Plaintiffs' patents and continue to infringe the patents worldwide."  Dkt. 27 at 1 (emphasis added).  The only basis Plaintiffs provide to justify this apparent distinction between this case and the VDH Litigation flies in the face of every allegation Plaintiffs have made in both cases.  Indeed, Plaintiffs try to argue in their opposition that rather than contracting with VDH for "the design, engineering, construction management, installation, construction, commissioning, maintenance and operations of a greenhouse in Louisa, Virginia" as alleged in the FAC and the Complaint, BFF Louisa actually contracted with a third party.  Plaintiffs' argument confirms the utter contradictions pervasive throughout the FAC.  *See, e.g.*, Dkt. 21 at ¶ 23 ("[A] Dutch greenhouse manufacturer by the name of Van der Hoeven Horticultural Projects B.V., through its U.S. division Van der Hoeven Americas, Inc. (collectively as 'VDH'), submitted a proposal to Defendant for the 'design, engineering, construction management installation, construction, commissioning, maintenance and operations' of a greenhouse in Louisa, Virginia.  Defendant thereafter accepted this proposal . . ."); *see also* Dkt. 23-2 at ¶ 24.

As supposed support for its argument, Plaintiffs refer to the Declaration of Jaye Heybl ("Heybl Declaration") to argue that VDH does not consider the actions substantially related because VDH refused to allow Plaintiffs to amend their complaint to add some unnamed third-party. Dkt. 21 at 10–11.  That is a stretch.  The "first-to-file" rule stands for the common sense proposition that, when two cases are the same or very similar, efficiency concerns dictate that only one court decide both cases.  *See Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *cf. Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Where the overlap is complete or nearly complete, as is the case here, the usual rule is for the court

of first jurisdiction to resolve the issues.   *See In re Telebrands*, 824 F.3d at 984.   Such circumstances undisputedly exist here.

Plaintiffs' protestations of harm (Dkt. 27 at 11) also ring hollow as they have failed to move for a preliminary injunction against VDH or its customers in the VDH Litigation.   On the other hand, because BFF Louisa's incomplete greenhouse is subject to its agreement with VDH, this litigation needlessly duplicates the VDH Litigation for no reason other than to harass VDH and its customers.   Despite Plaintiffs' confusing assertions otherwise, the outcome of the VDH Litigation will fully resolve any claim Plaintiffs have against BFF Louisa's VDH greenhouse.   Dismissal under the first-to-file rule is appropriate in this case to ensure this Court's resources are not needlessly wasted as a result of Plaintiffs' decision to file this superfluous case.   At a minimum, however, the case should be stayed pending the VDH Litigation.

### E.   Plaintiffs' Proposed Amendment Allegations Are Futile

Plaintiffs request leave to amend and argue that their proposed amendments are not futile. Dkt. 27 at 12.   As a preliminary matter, Plaintiffs' request to amend underscores the numerous flaws with the allegations in the FAC.   Moreover, Plaintiffs' proposed amendments do not and cannot resolve the FAC's deficiencies.   While "leave to amend should be freely given when justice so requires," Fed. R. Civ. P. 15(a), "a district court may deny leave to amend for reasons 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."   *See Glaser v. Enzo Biochem., Inc.*, 464 F.3d 474, 480 (4th Cir. 2008) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).   Because any amendment can neither transform hypothetical and future conduct into actual conduct nor redefine third-party actions as direct infringement of BFF Louisa, the amendments would be futile and Plaintiffs should not be granted leave to amend.

## III.    CONCLUSION

For the reasons discussed above, and in BFF Louisa's Motion to Dismiss, Or in the Alternative, Stay, the Court should dismiss Plaintiffs' FAC without leave to amend its FAC, or the case should be stayed pending the VDH Litigation.

Dated: November 3, 2023                          Respectfully submitted,

                                                 By:    /s/ D. McNair Nichols Jr.
                                                        D. McNair Nichols, Jr. (VSB #92431)
                                                        K&L Gates LLP
                                                        430 Davis Dr., Ste. 400
                                                        Research Triangle Park, N.C. 27560
                                                        Tel: 919-466-1117
                                                        Fax: 919-831-7040
                                                        E-mail: mcnair.nicholsjr@klgates.com

                                                        Jason A. Engel (*pro hac vice*)
                                                        Devon C. Beane (*pro hac vice*)
                                                        K&L Gates LLP
                                                        70 West Madison Street, Suite 3300
                                                        Chicago, Illinois 60602
                                                        Tel: 312-372-1121
                                                        Fax: 312-827-2496
                                                        E-mail: jason.engel@klgates.com
                                                        E-mail: devon.beane@klgates.com

                                                        ***Attorneys for Defendant BFF Louisa I, LLC***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on November 3, 2023, the foregoing Reply In Support of BFF Louisa's Motion to Dismiss, Or in the Alternative Stay was filed with the Court via CM/ECF, thereby effecting service on all counsel of record.

/s/ D. McNair Nichols Jr.