K&L GATES

December 22, 2023

**Via ECF**

The Honorable Robert S. Ballou
United States District Judge
Western District of Virginia
210 Franklin Road SW, Suite 540
Roanoke, Virginia 24011

Re:   *Houweling Intellectual Properties, Inc. v. BFF Louisa I LLC*, Case No. 3:23-cv-46
        Parties' Submission Regarding Pending Motion to Dismiss or Stay

Dear Judge Ballou:

Pursuant to Your Honor's question at the November 13, 2023, motion hearing, the parties conferred and were unable to reach a resolution regarding BFF Louisa I LLC's pending motion. To aid the Court's resolution of the motion, the parties' positions are below. To the extent the Court has any questions or requires any further information, the parties are available at the Court's convenience.

I.   **BFF Louisa I LLC's Position**

To the extent that VDH's greenhouse project for BFF Louisa I is enjoined by the Illinois Court, BFF Louisa I agrees that such an injunction would prevent BFF Louisa I from using any completed VDH greenhouse. *See, e.g.*, Fed. R. Civ. P. 65(d)(2)(C); *see also Aevoe Corp. v. AE Tech Co., Ltd.*, 727 F.3d 1385, 1384 (Fed. Cir. 2013) (Rule 65(d)(2)(C) "has been interpreted to include both aiders and abettors of, and privies of, an enjoined party."). This agreement confirms this case is duplicative of the case pending in the Northern District of Illinois and should be dismissed without prejudice or, at a minimum, stayed. Even without this agreement, the bases presented in BFF Louisa I LLC's motion remain factually and legally supportive of dismissal or, at a minimum, a stay.

Plaintiffs' lengthy position below, however, warrants clarification. During the parties' exchange, Plaintiffs asked BFF Louisa I to agree to a number of conditions, including on VDH's behalf, that went well beyond what this Court inquired during the hearing. More importantly, Plaintiffs' positions below misapprehend the concepts of patent exhaustion and preclusion. It is undisputed that BFF Louisa I's greenhouse being designed and manufactured by VDH is directly at issue in the Illinois action and is the only greenhouse potentially at issue in this case. If the greenhouse is found to infringe in Illinois, Plaintiffs will be awarded damages and/or an injunction against the project in that case. While the injunction would apply to BFF Louisa I (as detailed above), Plaintiffs are not entitled to recover duplicative damages against a different entity for the same purported infringement. It is precisely for this reason that customer suits are routinely stayed

pending resolution of suits against a manufacturer. *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990); *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365-66 (Fed. Cir. 2014). Nor can Plaintiffs get a second bite at the apple to enjoin the VDH greenhouse if the Illinois court finds that the requirements for such relief are not satisfied. Plaintiffs' recognition of the high bar to obtain injunctive relief does not give it free reign to seek identical relief in two different forums hoping to increase its odds.

### II.     Plaintiffs' Position

On November 13, 2023, the hearing was held on Defendant's Motion to Dismiss or Stay this action, and during the hearing counsel for Defendant argued that this action would be duplicative of the action against Van der Hoeven ("VDH") in Illinois and advised this court that BFF Louisa 1 ("BFF") would be bound by the decision in the Illinois court. In the interest of conserving resources, the court then asked the parties to confer on the matter to see if an agreement could be reached (Transcript, at 15 "All right. Ms. Beane, is it as easy as BFF agreeing that they're bound by the litigation?"). An email exchange between the parties following the hearing reveals that no agreement was reached and that BFF has no intention of being meaningfully bound by the Illinois decision.

In the exchange, counsel for Plaintiffs asked counsel for BFF to confirm that it would be bound by the Illinois court's findings on patent validity and enforceability of the patents at issue, and BFF refused. When asked to confirm that BFF will be bound by a finding of infringement of the patents, BFF simply did not respond. When asked to confirm that it would be bound by a finding on damages, BFF refused and stated that in the event of a damages award against VDH, Plaintiffs could not seek further damages from BFF despite any additional damages that would accrue from operating the infringing greenhouse in Virginia.

BFF's position on injunctive relief is most telling. Even its alleged offer "to be bound" by injunctive relief is partial, crafted, and full of exceptions. BFF's counsel has carefully stated that:

> To the extent that VDH's greenhouse project for BFF Louisa I is enjoined by the Illinois Court, BFF Louisa I agrees that such an injunction would prevent BFF Louisa I from using any completed VDH greenhouse.

This is obviously not a commitment to be bound by the Illinois Court's decision but only to consent to an injunction subject to limitations. It would defeat the Court's objective and potentially cause a new action to contest any alleged differences or the issues relating to whether the Illinois Court enjoined "VDH's greenhouse project" in Virginia.

First, even after victory, the grant of an injunction is far from a certainty. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 126 S. Ct. 1837 (2006). Further, BFF's agreement applies only to BFF Louisa 1, and not to any other entities that might take ownership of or operate the infringing greenhouse (which is common in the greenhouse industry). Furthermore, construction of the infringing BFF greenhouse at issue is complete or nearly complete, and any decision by the Illinois court will come long after it is complete. Once the greenhouse is complete it will be turned

over to BFF (or another company) for operation. VDH will no longer be involved and BFF will be the only entity with ownership, possession and control of the infringing greenhouse. BFF is not a party to the Illinois action and at that point VDH, on behalf of its customer BFF, may argue that BFF cannot be considered an aider, abettor or privy of the enjoined party. Under these circumstances it is possible that the Illinois court would not order an injunction against use of the BFF greenhouse and based on BFF's statement above, BFF would not need to stop using its infringing VDH greenhouse. That only would necessitate Houweling having to file a separate new action.

BFF has made no commitment to bound by any decision of the Illinois court. This case is the only way for Plaintiffs to assert their valid and enforceable patents against the knowing infringement by BFF. While we appreciate the Court seeking a judicious solution, it appears that that solution cannot be reached by agreement. This Court should deny BFF's Motion to Dismiss or Stay the present action.


Very truly yours,

*/s/ Devon C. Beane*

Devon C. Beane, for Defendant


Very truly yours,

/s/ Jaye Heybl
Jaye Heybl, for Plaintiff